**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| HUDSON INSURANCE COMPANY,           )<br>                                                         )<br>                        Plaintiff,           )<br>                                                         )<br>vs.                                                    )<br>                                                         )<br>JAMES MILLER, *et al.*,                  )<br>                                                         )<br>                        Defendants.      )<br>_____) | Case No. 2:15-cv-00349-GMN-CWH<br><br>**ORDER** |

Before the Court is Colonial Freight Systems's ("Colonial") Motion to Intervene as Defendant (doc. # 17), filed June 16, 2015. Also before the Court are Plaintiff Hudson Insurance Co.'s ("plaintiff") response (doc. # 20), filed July 6, 2015, and Colonial's reply (doc. # 21), filed July 15, 2015.

**BACKGROUND**

This case arises from a motor vehicle accident involving Defendant James Miller ("Miller") that occurred on August 3, 2013 in Las Vegas, Nevada. Plaintiff alleges that Miller was the driver of a tractor trailer covered under plaintiff's policy, with Miller operating the vehicle under an agreement to deliver goods for Colonial. On the evening of August 3, 2013, plaintiff alleges that Miller was en route to a truck stop when he rear-ended another vehicle occupied by Defendants/Claimants Arturo Montes, Jesus Montes, and Efrain Meza-Montes ("claimants"). Plaintiff brings this lawsuit to dispute a duty to defend and indemnify Miller under the non-trucking automobile liability insurance policy ("policy") for damages sought by claimants arising from the accident.

# DISCUSSION

**1.  Legal Standard**

Rule 24 of the Federal Rules of Civil Procedure ("FRCP") provides for intervention as a matter of right and for permissive intervention. See Fed.R.Civ.P. 24(a)-(b).

Intervention as a matter of right must be granted if, on a timely motion, the applicant can establish: (1) an unconditional right to intervene by a federal statute; or (2) an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest. Fed.R.Civ.P. 24(a).

The Ninth Circuit has also held that an applicant seeking to intervene as a matter of right must demonstrate the: (1) timeliness of the application; (2) significant protectable interest of the applicant relating to the property or transaction that is the subject of the action; (3) resulting impairment or impediment of the applicant's ability to protect its interest upon disposition of the action; and (4) inability of existing parties to adequately represent the applicant's interest. Citizens for Balanced Use v. Mont. Wilderness Ass'n, 647 F.3d 893, 897 (9th Cir. 2011).

Permissive intervention similarly requires a timely motion, and may be granted to an applicant who has: (1) a conditional right to intervene by a federal statute; or (2) a claim or defense that shares with the main action a common question of law or fact. Fed.R.Civ.P. 24(b)(1). In deciding whether to grant permissive intervention, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed.R.Civ.P. 24(b)(3).

Regardless of whether the applicant seeks to intervene as a matter of right or permissively, such requests receive liberal construction in favor of intervention. Arakaki v. Cayetano, 324 F.3d 1078, 1083 (9th Cir. 2003).

**2.  Analysis**

    **a.  Intervention of Right**

Colonial seeks leave to intervene in this case, claiming that under Rule 24(a): (1) its motion is timely; (2) it has an interest in the outcome of this action; (3) intervening in this action would allow for the protection of its interests; and (4) it would not be adequately represented by the existing parties

in this case. Colonial also contends that its intervention would further judicial economy in this action, and wonders why it was never added as an interested party while claimants were added as defendants when they only have an attenuated interest in the subject policy.

Plaintiff, in response, concedes that the instant motion is timely under Rule 24(a). However, plaintiff argues that there is a "tenuous" relationship between the matters at issue in this declaratory relief action and Colonial's independent obligations under its own uninvolved insurance policy. Plaintiff explains that if it is successful in this action, Miller will likely turn to Colonial to seek recompense and protection from any ongoing lawsuit, and this situation would not impair Colonial's ability to file its own declaratory relief action or to evaluate coverage independently from the instant case. Plaintiff further points out that the same law firm represents both Miller and Colonial, with Colonial simply duplicating the assertions in Miller's counterclaim. Plaintiff submits that it appears to be the only source of recovery for Miller in this action.

In reply, Colonial restates its earlier arguments. Colonial also denies that it only has a "tenuous" connection to this action. In support, Colonial contends that it secured the subject policy from plaintiff through a broker, on behalf of Miller, to protect Colonial's financial interest as a self-insured trucking company when Miller was not operating the vehicle within Colonial's scope and control. Colonial adds that it already conducted an independent review regarding coverage and determined that the subject policy provides coverage because Miller was not operating the vehicle within Colonial's scope and control. Colonial then contends that if the instant declaratory action is granted, Colonial would be precluded from filing a separate action to determine the subject policy's coverage in this case. Colonial further contends that its interests are similar to plaintiff's because it also seeks a determination of whether it will be required to defend and indemnify Miller, and while its interests are "somewhat aligned" with Miller's, the evidence to be offered by Colonial and Miller in this case substantially differ from each other.

Under Rule 24(a) and the test set forth in <u>Citizens for Balanced Use</u>, this Court finds that Colonial is entitled to intervene in this case. Colonial has timely filed its application, as this case is in its infancy. Colonial has shown that it has a significant protectable interest in the subject policy, which it secured on behalf of Miller, and in this action, which will determine whether plaintiff (or

Colonial) will be required to defend and indemnify Miller for the accident. By denying Colonial's intervention in this case, Colonial would be disadvantaged, as it would be unable to present claims, defenses, and evidence demonstrating that Miller was not operating the vehicle within Colonial's scope and control and, once judgment is entered in the case, Colonial would be precluded from filing a separate action to determine the subject policy's coverage in relation to Miller and the accident. Given such, this Court finds that the existing parties would be unable to adequately represent Colonial's interests in this action.

### b. Permissive Intervention

Colonial contends that, under Rule 24(b), it is entitled to intervene because its claims and the instant action have questions of fact and law in common, and plaintiff will not be prejudiced because this case is in its early stages. By contrast, per Colonial, it would be "severe[ly]" prejudiced if it was not allowed to intervene in this action.

Plaintiff, in response, argues that while Colonial is concerned with the outcome of this case and its obligation to pay arising from the accident, Colonial has no independent ground for jurisdiction because it has no independent basis to bring a lawsuit before this Court against plaintiff. Plaintiff adds that issues deemed unique to Colonial are not of import in this litigation. Specifically, plaintiff argues that the history of claims resolution between potentially insured drivers with plaintiff and Colonial are not of import in this litigation, though it might be relevant if the insured was arguing he had a history with plaintiff. Plaintiff therefore concludes that allowing Colonial to intervene would simply cause delay in this litigation.

In its reply, Colonial does not assert any arguments under Rule 24(b).

As stated earlier, this Court finds that Colonial has claims and defenses in this action that would inform the question of whether plaintiff, or Colonial, will be required to defend and indemnify Miller for the accident. Because this case is still in its infancy, Colonial's intervention would not unduly delay the litigation, and plaintiff has not presented any evidence showing it would be prejudiced by the intervention. As such, the Court concludes that Colonial's intervention is warranted in this case, would further judicial economy, and would be in line with the Ninth Circuit's liberal policy favoring intervention.

## CONCLUSION AND ORDER

Accordingly, **IT IS HEREBY ORDERED** that Colonial's Motion to Intervene as Defendant (doc. # 17) is **granted**.

DATED: September 9, 2015

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**