1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| HUDSON INSURANCE COMPANY, | ) | |
| Plaintiff, | ) ) | Case No. 2:15-cv-00349-GMN-CWH |
| vs. | ) ) | **ORDER** |
| JAMES MILLER, *et al.*, | ) ) | |
| Defendants. | ) ) ) | |

Before the Court are Plaintiff Hudson Insurance Company's ("plaintiff") Motion to Bifurcate

Discovery (doc. # 39), filed November 23, 2015, Defendant James Miller's ("Miller") response (doc.

# 46), filed December 10, 2015, and plaintiff's reply (doc. # 48), filed December 21, 2015.  Also

before the Court is Miller's Motion for Leave to File Sur-Reply (doc. # 54), filed January 8, 2016.

**BACKGROUND**

This case arises from a motor vehicle accident involving Miller that occurred on August 3,

2013 in Las Vegas, Nevada.  Plaintiff alleges that Miller was the driver of a tractor trailer covered

under plaintiff's policy, with Miller operating the vehicle under an agreement to deliver goods for

Defendant Colonial Freight Systems.  On the evening of August 3, 2013, plaintiff alleges that Miller

was en route to a truck stop when he rear-ended another vehicle occupied by Defendants/Claimants

Arturo Montes, Jesus Montes, and Efrain Meza-Montes ("claimants").  Plaintiff brings this lawsuit to

dispute a duty to defend and indemnify Miller under the non-trucking automobile liability insurance

policy ("policy") for damages sought by claimants arising from the accident.

1    Miller, in turn, has filed counterclaims against plaintiff, asserting that plaintiff breached the

2    insurance contract, with the breach conducted in bad faith and in violation of the "duty of good faith

3    and fair dealing" provision of the policy at issue.  Miller also asserts a claim for relief under Nevada

4    Revised Statute ("NRS") 686A.310 for misrepresentation regarding the subject policy.

**DISCUSSION**

**1.    Motion to Bifurcate (doc. # 39)**

7    Plaintiff asks the Court to bifurcate discovery.  According to plaintiff, Miller's counterclaims

8    are "sufficiently distinct and separable to warrant bifurcation."  Doc. # 39 at 4.  Plaintiff also contends

9    that its declaratory relief action does not give rise to bad faith or a breach of contract claim, and the

10   matter is subject to "reasonable interpretation," if not entirely favorable, to plaintiff and its position

11   in this case.  Id. at 6.  Plaintiff then contends that its claims require little to no discovery to be resolved,

12   and there is no reason to conduct discovery on Miller's counterclaims, especially if the Court rules in

13   favor of plaintiff.  Plaintiff further contends that even if it does not prevail, Miller's claims should still

14   be bifurcated since Miller seeks to amend his complaint to add a claim for punitive or exemplary

15   damages and, if granted, would lead to discovery regarding plaintiff's "financial net worth and other

16   sensitive matters."  Id.

17   Miller, in response, argues that plaintiff's motion should be denied.  In support, Miller argues

18   that discovery has been stayed until the pending dispositive motions are resolved, rendering plaintiff's

19   motion premature.  Miller also argues that the parties' claims are inextricably intertwined, and that

20   Miller's breach and bad faith counterclaims are in response to plaintiff's claim that it has no duty to

21   defend Miller under the subject policy.  Thus, Miller concludes that the counterclaims should not be

22   bifurcated.

23   In reply, plaintiff restates its earlier assertions.  Plaintiff also points out that Miller fails to

24   address the argument regarding punitive damages, which purportedly offers a strong basis for

25   bifurcating discovery in this case.[1]

26   Rule 42(b) of the Federal Rules of Civil Procedure authorizes a court to order a separate trial

27

28   [1] The Court notes that Miller has asserted various factual inaccuracies and misrepresentations by plaintiff, which plaintiff has opposed.  The dispute over these facts will not be addressed, as they are not properly before this Court.

1    of any claim when separation is in the interest of judicial economy, will further the parties'

2    convenience, or will prevent undue prejudice. Fed. R. Civ. P. 42(b). "Bifurcation is particularly

3    appropriate when resolution of a single claim or issue could be dispositive of the entire case." <u>Drennan</u>

4    <u>v. Maryland Cas. Co.</u>, 366 F. Supp. 2d 1002, 1007 (D. Nev. 2005).   "However, bifurcation of the trial

5    does not necessarily require bifurcation of discovery."  <u>Id</u>.

6          The Court agrees with Miller that plaintiff's request is premature because discovery is stayed

7    pending resolution of the parties' dispositive motions.  <u>See</u> Doc. # 42 (order staying discovery).

8    Contrary to plaintiff's assertion, moreover, this Court finds that plaintiff's claims and Miller's

9    counterclaims <u>are</u> intertwined, especially since Miller's breach and bad faith claims are responsive to,

10   and directly address, plaintiff's claim that it has no duty to defend and indemnify Miller under the

11   subject policy.  Given such, the Court finds that joint discovery would be more convenient to the

12   parties and would further judicial economy.

13         The Court is also not inclined to bifurcate discovery simply because Miller "may" be bringing

14   a claim for punitive or exemplary damages, resulting in discovery of plaintiff's financial and other

15   "sensitive" information, in the event Miller's motion to amend the complaint (doc. # 26) is granted.

16   Plaintiff's argument is again premature.  Nevertheless, the Court notes that if plaintiff's financial and

17   other "sensitive" information are relevant to this case, and would not unnecessarily confuse and

18   mislead the jury or prolong trial then that information would be discoverable without bifurcation of

19   the claims or issues.  Highlighting further the prematurity of plaintiff's assertion, the Court notes that

20   plaintiff fails to provide any evidence demonstrating that bifurcation of the claim for punitive or

21   exemplary damages would enhance judicial economy.  Without more, the Court finds that bifurcation

22   is not warranted at this time.

23   **2.      Motion for Leave to File Sur-Reply (doc. # 54)**

24         Because the Court denies the motion to bifurcate (doc. # 39) at this juncture, it denies as moot

25   Miller's motion to file a sur-reply.

26                              **CONCLUSION AND ORDER**

27         Accordingly, **IT IS HEREBY ORDERED** that plaintiff's Motion to Bifurcate Discovery (doc.

28   # 39) is **denied**.

1    **IT IS FURTHER ORDERED** that Miller's Motion for Leave to File Sur-Reply is **denied as**

2  **moot**.

3    DATED: January 8, 2016

4

5  _____

6  **C.W. Hoffman, Jr.**
   **United States Magistrate Judge**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4