1

2

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

3

4   HUDSON INSURANCE COMPANY, a )
    Delaware Corporation, )

5                                          )        Case No.: 2:15-cv-00349-GMN-CWH
                           Plaintiff,      )

6          vs.                             )        **ORDER**
                                           )

7   JAMES MILLER, individually; ARTURO )
    MONTES, individually; JESUS MONTES, )

8   individually; EFRAIN MEZA-MONTES, )
    individually,                          )

9                                          )
                                           )

10                        Defendants.      )
                                           )

11  _____       )
    COLONIAL FREIGHT SYSTEMS, INC.,        )

12                                         )
                         Intervenor,       )

13  _____       )

14

15          Pending before the Court is a Motion for Attorney's Fees (ECF No. 61) filed by

16   Intervenor Colonial Freight Systems, Inc. ("Intervenor") and Defendant James Miller

17   ("Defendant").  Plaintiff Hudson Insurance Company ("Plaintiff") filed a Response (ECF No.

18   64), and Intervenor and Defendant filed a Reply (ECF No. 66).

19          Also pending before the Court is Plaintiff's Motion for Rule 54(b) Certification. (ECF

20   No. 62).  Defendant and Intervenor filed a Limited Opposition (ECF No. 67), and Plaintiff filed

21   a Reply (ECF No. 68).

22   **I.      BACKGROUND**

23          This case arises out of an automobile accident that occurred on August 3, 2013, in Las

24   Vegas, Nevada, involving Defendant, who was employed as in independent contractor for

25   Intervenor. (Order 1:21–2:8, ECF No. 56).  At the time of the accident, Defendant was the

named insured on a Non-Trucking Automobile Liability Insurance policy ("Non-Trucking policy") provided by Plaintiff. (*Id.* 3:11–13).

On February 27, 2015, Plaintiff filed a Complaint seeking declaratory relief that it "owes no duty to defend or indemnify [Defendant]" in this action. (*Id.* 4:11–19).  Plaintiff asserted that Defendant's Non-Trucking policy included a Business Purpose Exclusion, and Defendant was acting in the business of Intervenor at the time of the accident. (*Id.* 6:21–24).  Defendant timely filed an Answer, asserting counterclaims for (1) breach of contract; (2) bad faith; and (3) violation of NRS 686A.310. (*Id.* 4:20–22).  Intervenor filed a Motion for Summary Judgment seeking a finding that Plaintiff's Non-Trucking policy provides coverage to Defendant for the accident, which this Court granted on April 15, 2016. (*Id.* 4:18–19, 13:16–18).  The Court first found that North Carolina law applies. (*Id.* 7:1–24).  Then, under North Carolina law, the Court held that Defendant "was not furthering the business of Colonial at the time of the accident," and therefore, Plaintiff's Non-Trucking policy applies and covers Defendant's accident. (*Id.* 10:6–9).

The Court's Order also resolved Plaintiff's Motion to Dismiss Defendant's counterclaims. (*See id.* 11:6–12:18).  The Court denied the motion as to Defendant's claims for breach of contract and bad faith. (*Id.* 11:10–12:12).  However, the Court dismissed Defendant's Nevada statutory claim for violation of NRS 686A.310 because North Carolina law applies and gave Defendant leave to amend. (*Id.* 12:13–18).  On April 27, 2016, Defendant timely filed his amended counterclaims. (ECF No. 58).

In the instant motions, Intervenor and Defendant seek attorney's fees under North Carolina General Statute § 6-21.5. (Mot. Att'y Fees 2:4–5, ECF No. 61).  At the same time, Plaintiff seeks a Federal Rule of Civil Procedure ("FRCP" or "Rule") 54(b) certification to appeal the issue of law determined by the Court's Summary Judgment Order (ECF No. 56) and to stay this case pending the Ninth Circuit's decision. (Mot. 54(b) Cert. 5:7–11, ECF No. 62).

1    **II.    Motion for Attorney's Fees**

2        **A. Legal Standard**

3        Under N.C. Gen. Stat. § 6-21.5, upon the motion of the prevailing party, the court may

4    award attorney's fees if the court finds "either: (1) the pleadings contain a complete absence of

5    a justiciable issue of either law or fact, or (2) whether the losing party persisted in litigating the

6    case after a point where he should reasonably have become aware that the pleading he filed no

7    longer contained a justiciable issue." *McKinnon v. CV Indus., Inc.*, 745 S.E.2d 343, 349 (N.C.

8    Ct. App. 2013) (citing *Credigy Receivables, Inc. v. Whittington,* 689 S.E.2d 889, 893 (N.C. Ct.

9    App. 2010)).  The purpose of N.C. Gen. Stat. § 6–21.5 is to prevent frivolous lawsuits. *Persis*

10   *Nova Constr. v. Edwards*, 671 S.E.2d 23, 30 (N.C. Ct. App. 2009).  A grant of summary

11   judgment, standing alone, is not sufficient to support an award of attorney's fees. N.C. Gen.

12   Stat. § 6–21.5.  Because the statute detracts from the common law, it must be strictly

13   construed. *Persis Nova Constr.*, 671 S.E.2d at 29 (citation omitted).

14       **B. Discussion**

15       In their Motion for Attorney's Fees, Intervenor and Defendant seek "an award of

16   attorney's fees in the amount of $45,268.50." (Mot. Att'y Fees 2:5–6).  Intervenor and

17   Defendant argue that this is appropriate under N.C. Gen. Stat. § 6-21.5 "because there was a

18   complete absence of a justiciable issue of either law or fact raised by [Plaintiff] in its Complaint

19   for Declaratory Relief." (*Id.* 4:13–15).

20       The Court of Appeals of North Carolina has explained:

21       A "justiciable issue" is not defined by our statutes or case law.  A "justiciable
         controversy" is a real and present one, not merely an apprehension or threat of suit
22       or difference of opinion.  Presumably, a "justiciable controversy" involves
         "justiciable issues," thus those which are real and present, as opposed to imagined
23       or fanciful.  "Complete absence of a justiciable issue" suggests that it must
         conclusively appear that such issues are absent even giving the losing party's
24       pleadings the indulgent treatment which they receive on motions for summary
         judgment or to dismiss.
25

*Sprouse v. N. River Ins. Co.*, 344 S.E.2d 555, 565 (N.C. Ct. App. 1986) (internal citations omitted).  Intervenor and Defendant contend that "prior to filing this action, [Plaintiff] had taken two separate recorded statements from [Defendant] wherein he confirmed that he was not of the business of [Intervenor] at the time of the August 3, 2013 accident." (*Id.* 5:9–11).  They also argue that Plaintiff has a "long history of accepting claims from independent contractors of [Intervenor] with similar facts as the instant matter." (*Id.* 5:3–5).

The Court finds that Intervenor and Defendant's assertions fail to conclusively establish the lack of any "real and present" issues.  Intervenor and Defendant present an oversimplified version of the facts that does not take into account the legal interpretation disputes in this case.  First, in the cross-motions for summary judgment, the parties disputed choice of law. (*See* Order 7:1–24).  Then, the Court found that the key phrase within the Business Purpose Exclusion of the Non-Trucking policy—"in the business of"—was ambiguous. (*Id.* 8:1–20).  Finally, the Court had to apply vicarious liability under the doctrine of *respondeat superior* to determine whether the Business Purpose Exclusion from the contract applied. (*Id.* 8:21–17).  As such, this case clearly presented "real and present" issues for this Court to determine.  Accordingly, the Court finds that Plaintiff's case involved justiciable issues, and Intervenor and Defendant are not entitled to attorney's fees under N.C. Gen. Stat. § 6-21.5.

## III.   Motion for Rule 54(b) Certification

### A. Legal Standard

In cases with multiple claims and multiple parties, the district court may enter final judgment against some, but not all, of the claims or parties when the court determines that there is no just reason for delay. Fed. R. Civ. P. 54(b).  In deciding whether to certify an order under Rule 54(b), the district court must determine (1) that the Order is a "final judgment," and (2) whether there is a just reason to delay appeal. *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7–8 (1980).  To determine if a just reason exists to delay the appeal, "a district

court must take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp.*, 446 U.S. at 8. Courts should not grant certification under Rule 54(b) routinely. *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005). However, "Rule 54(b) certification is proper if it will aid 'expeditious decision' of the case." *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797 (9th Cir. 1991) (citing *Sheehan v. Atlanta Int'l Ins. Co.*, 812 F.3d 465, 468 (9th Cir. 1987)). "The mere presence of [counterclaims] . . . does not render a Rule 54(b) certification inappropriate." *Curtiss-Wright Corp.*, 446 U.S. at 9.

Additionally, a district court has discretionary power to stay proceedings in its own court. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). This power to stay is "incidental to the power inherent in every court to control the disposition of the causes of action on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.* In exercising its discretion, the court must "rest on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Colorado River Water Conserv. Dist. v. United States*, 424 U.S. 800, 817 (1976).

**B. Discussion**

Plaintiff requests that this Court allow an immediate appeal under FRCP 54(b) of its Order granting Intervenor's Motion for Summary Judgment (ECF No. 56), despite Defendant's pending counterclaims. (Mot. 54(b) Cert. 2:22–24). Intervenor and Defendant do not oppose the Rule 54(b) certification. (Resp. to Mot. 54(b) Cert. 2:3–4, ECF No. 67). First, the Court finds that its Order (ECF No. 56) is a "final judgment." *See Curtiss-Wright Corp.*, 446 U.S. at 7. Second, as to whether there exists a just reason to delay, the Court considers such factors as whether "the claims under review were separable from the others remaining to be adjudicated," another appellate court may have to decide the same issue more than once, or "an appellate resolution of the certified claims would facilitate a settlement of the remainder of the claims." *Id.* at 8, 8 n.2. Here, Plaintiff suggests, and the Court agrees, "A decision by the Ninth Circuit on this matter would bring a sense of finality to this issue which would certainly streamline the

1   times and potentially resolving [Defendant's] Counterclaim[s] and would allow the parties to

2   proceed forward involved in an expeditious manner." (Mot. 54(b) Cert. 2:17–20).  Further, the

3   legal issue being appealed is unlikely to require another appellate court to review the same

4   issue again in the future.  Lastly, such a certification does not present any inequity to the other

5   parties, as they do not oppose the 54(b) certification.  As such, the Court finds that there is no

6   just reason to delay appeal, and the Court grants Plaintiff's Motion for 54(b) Certification.

7        In its Motion for 54(b) Certification, Plaintiff also requests to stay the proceedings

8   pending the appeal. (Mot. 54(b) Cert. 5:9–11).  Intervenor and Defendant oppose the stay, but

9   provide no points and authorities to support their opposition. (Resp. to Mot. 54(b) Cert. 2:4–5).

10  Pursuant to District of Nevada Local Rules, "The failure of an opposing party to file points and

11  authorities in response to any motion . . . constitutes a consent to the granting of the motion."

12  (D. Nev. LR 7-2(d)).  As such, the Court may grant Plaintiff's request for a stay under the

13  Local Rules.  However, the Court also finds that a stay is appropriate here in the interest of

14  "wise judicial administration." *See Colorado River Water Conserv. Dist.*, 424 U.S. at 817.

15  Defendant's Amended Counterclaims include breach of insurance contract, bad faith breach of

16  insurance contract, and unfair and deceptive trade practices. (Am. Countercls. ¶¶ 23–47, ECF

17  No. 58).  These counterclaims clearly relate to this Court's Summary Judgment Order that

18  Plaintiff is appealing under Rule 54(b).  As the Court noted above, a resolution by the Ninth

19  Circuit will likely aid in the resolution of Defendant's counterclaims.  Accordingly, the Court

20  finds it appropriate to grant a stay in the interest of judicial economy.

21  **IV.   CONCLUSION**

22        **IT IS HEREBY ORDERED** that Intervenor and Defendant's Motion for Attorney's

23  Fees (ECF No. 61) is **DENIED**.

24

25

1

2

3

     **IT IS FURTHER ORDERED** that Plaintiff's Motion for 54(b) Certification and Stay (ECF No. 62) is **GRANTED**.  The Clerk shall enter judgment as to Plaintiff's claims in accordance with the Court's April 15, 2016 Order (ECF No. 56).

4

     **IT IS FURTHER ORDERED** that this case is **STAYED** pending appeal.

5

     **DATED** this __16__ day of December, 2016.

6

7

8

_____
Gloria M. Navarro, Chief Judge
United States District Court

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25